# Third District Court of Appeal

## State of Florida

Opinion filed January 17, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-774
Lower Tribunal Nos.  2019-059108; ER 13057
_____

**Osvaldo Rodriguez,**
Appellant,

vs.

**Department of Business and Professional Regulation,
Electrical Contractors' Licensing Board,**
Appellee.

An Appeal from the Department of Business and Professional Regulation, Electrical Contractors' Licensing Board.

Clara Martinez Law, P. A., and Clara Martinez, for appellant.

Brooke Elizabeth Adams, Chief Appellate Counsel (Tallahassee), for appellee.

Before LOGUE, C.J., and LINDSEY and BOKOR, JJ.

LOGUE, C.J.

Osvaldo Rodriguez appeals a final order rendered by the Electrical Contractors' Licensing Board following an informal hearing, which found that Rodriguez violated section 489.533(1)(j), Florida Statutes, by knowingly assisting an uncertified and unregistered person in the practice of contracting. On appeal, Rodriguez argues he was entitled to a formal hearing to dispute the material facts alleged in the complaint pursuant to sections 120.569 and 120.57(1), Florida Statutes. He contends the informal hearing that was held instead denied him due process.

Having reviewed the limited record before us, we agree with the Licensing Board's decision to hold an informal hearing, rather than the formal hearing Rodriguez requested, because Rodriguez's election of rights failed to sufficiently identify the material facts alleged in the complaint that he intended to dispute. See Burnett Int'l Coll. v. Bd. of Nursing, 316 So. 3d 763, 765 (Fla. 1st DCA 2021) ("[W]here there are no disputed issues of material fact, the agency need not refer the matter for a formal hearing, even if a party requests one, and may proceed with an informal hearing under section 120.57(2), Florida Statutes.").

Rodriguez nevertheless argues on appeal that he was denied due process because he never received a letter that the Department of Business and Professional Regulation sent him following receipt of his election of

2

rights, which notified him of his failure to specify the material facts he intended to dispute and provided an additional 21 days to file an amended election of rights. As a result, Rodriguez never filed an amended election of rights and the Licensing Board proceeded with an informal hearing.

Rodriguez, however, was present at the informal hearing with his representative and thus had an opportunity to raise this issue with the Licensing Board prior to its decision. Because transcripts of the informal hearing were not provided, we are constrained to affirm because the record on appeal is insufficient for us to determine the propriety of the Licensing Board's decision to reject this argument and proceed with the informal hearing.[1] See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without knowing the factual context, . . . an appellate court [cannot] reasonably conclude that the trial judge so misconceived the law as to require reversal.").

Accordingly, we affirm.

---

[1] We also note that, during this appeal, the parties filed a joint motion to relinquish jurisdiction to allow the Licensing Board to consider Rodriguez's request for reconsideration, which allegedly addressed this issue. This Court granted the motion and was subsequently advised, via status report, that neither Rodriguez nor his counsel appeared at the Licensing Board's meeting, resulting in the Licensing Board declining to rehear the case.